# In the United States Court of Federal Claims

No. 05-232V
Filed: April 3, 2009

| | |
|---|---|
| * * * * * * * * | |
| MARY DARIN WILKERSON, as mother of her son, OTTO WILKERSON, * | |
| * | National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10 to -34 (2000); Statute of Limitations; "first symptom or manifestation of onset"; *Markovich v. Sec'y of HHS*, 477 F.3d 1353 (Fed. Cir. 2007) |
| Petitioner, | |
| * | |
| v. | |
| * | |
| SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, * | |
| Respondent. * | |
| * * * * * * * * | |

**OPINION AND ORDER**

**HODGES**, Judge.

Petitioner contends that her son developed attention deficient hyperactivity disorder (ADHD) after receiving a series of vaccinations containing thimerosal, a mercury-based preservative. She sued for compensation pursuant to the National Childhood Vaccine Injury Act in February 2005. *See* 42 U.S.C. § 300aa-1to -34 (2000). The Chief Special Master dismissed her petition on jurisdictional grounds, and petitioner filed a motion for review. Petitioner filed her claim more than thirty-six months after her son's first symptoms occurred. We deny the petitioner's motion for review.

**BACKGROUND**

Otto Wilkerson was born on May 3, 1997[1] He received a series of early childhood vaccinations, including hepatitis B, polio, and measles, mumps, and rubella.

---

[1] *See Wilkerson v. Sec'y of HHS*, No. 05-232V, slip. op. at 4 (Fed. Cl. Spec. Mstr. Sept. 30, 2008). The facts are not in dispute.

When petitioner's son was six years old, a physician suspected ADHD and referred him for testing. A licensed social worker conducted tests and concluded that Otto met the clinical criteria for ADHD. His pediatrician corroborated the ADHD diagnosis in January 2004.

The Government filed a motion to dismiss petitioner's claim on jurisdictional grounds in May 2006. Defendant alleged that petitioner filed her claim beyond the statute of limitations. The Special Master stayed proceedings pending the outcome of a similar question in a related case. The Government renewed its motion after the United States Court of Appeals for the Federal Circuit issued an opinion on the statute of limitations question in *Markovich v. Secretary of HHS*, 477 F.3d 1353 (Fed. Cir. 2007).

The parties exchanged expert reports and evaluations by the social worker and the Special Master ordered an evidentiary hearing to consider these reports and evaluations. Petitioner contended that such a hearing was unnecessary because the experts would likely agree on the date that Otto's ADHD symptoms began. According to petitioner, the only remaining issue was a legal one; that is, when the statute of limitations began to run. The parties agreed that Otto's symptoms began on November 3, 2001, "at the latest."

## DISCUSSION

We review the factual findings of special masters according to the arbitrary and capricious standards set forth in the Vaccine Act. 42 U.S.C. § 300aa-12(e)(2)(B). We review their conclusions of law *de novo*. *Munn v. Sec'y of HHS*, 970 F.2d 863, 870 n.10 (Fed. Cir. 1992).

The Vaccine Act requires that petitioners file suit within thirty-six months of "the date of the occurrence of the first symptom or manifestation of onset." 42 U.S.C. § 300aa-16(a)(2). The legal issue in this case is the meaning of "occurrence of the first symptom or manifestation of onset." The parties' expert agreed that the ADHD symptoms in this case appeared no later than November 3, 2001.

Petitioner contends that the statute of limitations should not begin to run until the "medical profession at large" could have recognized that the symptoms were related to ADHD, citing the Court of Appeals for the Federal Circuit. *See Markovich*, 477 F.3d at 1360. However, the Federal Circuit's focus in that case was the Vaccine Act's requirement that a petition be filed within three years of a "first symptom or manifestation of onset." *Id.* In other words, the court held that the earlier of a symptom or a manifestation of onset would trigger the statutes period of limitation. *Id.* The Federal Circuit found that an infant's eye-blinking episode on July 10, 2000 was the first objective symptom of injury observable by the medical community, and it directed the case be dismissed on jurisdictional grounds. *Id.*

The Federal Circuit recognized in *Markovich* that the statute of limitations may begin running in some cases before petitioners would have been able to discern the nature of their injuries. Thus, the plain language of section 16(a)(2) expresses Congress' intention that the statute could begin to run before a petitioner knew that he or she had a cognizable claim under the Vaccine Act.

A ruling by this court before *Markovich* was decided highlights the intended meaning of the Circuit's ruling. This court held that cases such as autism in which "there is no clear start to the injury . . . , prudence mandates that a court addressing the statute of limitation not hinge its decision on the occurrence of the first symptom." *Setnes v. United States*, 57 Fed. Cl. 175, 179 (Fed. Cl. 2003).

The Federal Circuit was aware of the *Setnes* decision and disagreed with it. *See Markovich*, 477 F.3d at 1358. The Appeals Court rejected the *Setnes'* court's reasoning as being contrary to the language of the Vaccine Act; the panel discussed its disagreement in some detail. *Id*. at 1356-59. Thus, while excerpts of the Federal Circuit's Opinion seem to lend support to petitioner's argument here, the Federal Circuit's holding is clear: according to § 16(a)(2), the event that triggers the running of the statute of limitations is either a symptom or manifestation of onset, whichever occurs first.

## CONCLUSION

The parties agreed that November 3, 2001 was the date on which petitioner's symptoms first appeared. Given petitioner's concession, the Chief Special Master had no choice, in light of *Markovich*, to rule that he lacked jurisdiction to consider the case on the merits.

Petitioner's motion for review is DENIED. The Clerk of Court will enter judgment for the Government. No costs.

        s/ Robert H. Hodges, Jr.
        Robert H. Hodges, Jr.
        Judge